

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00334-CR

**MOSES C. LEE,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2017-549-C2

## MEMORANDUM OPINION ON REMAND

Moses C. Lee was convicted of assault by occlusion on a family/household member, enhanced, and was sentenced to 18 years in prison. *See* TEX. PENAL CODE §§ 22.01(b)(2)(B); 12.42(a). We delivered our original memorandum opinion and judgment in this case on December 31, 2019. *Lee v. State*, No. 10-18-00334-CR, 2019 Tex. App. LEXIS 11279 Tex. App.—Waco Dec. 31, 2020). The Court of Criminal Appeals vacated our judgment on May 12, 2021, and remanded it to us for proceedings consistent with its opinion in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021). *See Lee v. State*, No. PD-0065-20, 2021 Tex. Crim. App. Unpub. LEXIS 376 (Crim. App. May 12, 2021) (per curiam). On remand, we modify and affirm the trial court's judgment.

Before the Court of Criminal Appeals reversed and remanded this case to us, Lee's appointed counsel filed a motion to withdraw and a brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous pursuant to the United States Supreme Court opinion in *Anders*, but also presenting nonreversible error in the judgment pursuant to this Court's order in *Allison*. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order).

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing the *Anders* portion of this appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Cummins v. State*, 646 S.W.3d 605, 620-621(Tex. App.—Waco 2022, pet. ref'd).

As noted previously, despite finding no reversible error, in briefing on remand, counsel has presented issues of nonreversible error. Those issues concern court costs included in the Certified Bill of Cost. Specifically, counsel challenges a $2 e-filing fee; a $15 conditional time payment fee; and $25, combined, as a separate time payment fee. We agree that all the fees complained of by Lee are nonreversible errors.

### Assessment of Costs

On appeal, we review an assessment of court costs to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). We separately examine each item of cost to which Lee has lodged a complaint on appeal.

— *$2 e-filing fee*

The parties agree that there is no basis for the $2 e-filing fee. At the time of Lee's conviction, the Government Code allowed for a $5 e-filing fee. *See* Act of May 16, 2013, 83d Leg., R.S., ch. 1290, § 2, sec. 51.851(d), 2013 Tex. Gen. Laws 3270, 3271 (repealed 2019). That $5 fee was properly included in the Certified Bill of Cost.[1] The Government Code no longer allows for an electronic filing fee, and there is no other statute that provides for an additional $2 electronic filing fee. *See* TEX. GOV'T CODE § 51.851 (current version

---

[1] The Certified Bill of Cost, dated October 1, 2021, and contained in the October 5, 2021, Supplemental Clerk's Record, is the Certified Bill of Cost relevant to this case, and no other document should be considered by the parties, the trial court, or the District Clerk as the bill of cost. Accordingly, we use the phrase, "Certified Bill of Cost," to refer to the bill of cost included in the October 5, 2021, Supplemental Clerk's Record.

showing e-filing fee repealed).[2]  Thus, after reviewing the statutes and the record in this case, we agree that there is no basis for the assessment of a $2 e-filing fee.

– *$15 conditional time payment fee*

The parties also agree that a $15 time payment fee, conditioned on "full payment of court costs, reimbursement fees, fines and costs" being paid within 30 days of the judgment should be deleted.  A $15 time payment fee is permitted by article 102.030(a) of the Texas Code of Criminal Procedure if a "fine, court costs, restitution, or another reimbursement fee" is not paid in full before the 31st day after the date on which the judgment is entered assessing such.  *See* TEX. CODE CRIM. PROC. art. 102.030(a).  However, article 102.030 does not apply to Lee's case because the offense he committed occurred in 2017.  *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01  2019 Tex. Gen. Laws at 4035 ("Except as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act [January 1, 2020].").  We agree that because the fee does not apply to Lee's offense, there is no basis for the inclusion of the conditional $15 time payment fee in the Certified Bill of Cost.  Further, any time payment fee assessed or threatened is premature.  *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021); *see also Bryant v. State*, 642 S.W.3d 847, 850 (Tex. App.—Waco 2021, no pet.).

---

[2] Local Government Code section 133.102 now provides for a percentage of a consolidated fee to be designated for the "statewide electronic filing system account."  *See* TEX. LOC. GOV'T CODE § 133.102(e).  That provision was effective January 1, 2020.  For offenses committed after January 1, 2004, and before January 1, 2020, the date range within which Lee's offense was committed, the money collected as court costs "shall be allocated according to the percentages provided in Subsection (e), as that subsection existed and was applied on December 31, 2019."  *Id*. (d).  Subsection (e), as it existed and was applied on December 31, 2019, did not have an e-filing fee allocation.  *See* Acts of 2011, 82nd Leg., ch. 1249 (S.B. 1664), § 13(b), effective September 1, 2013.  Thus, no statutory authority for the collection of a $2 e-filing fee existed at the time Lee committed or was convicted of the offense.

— *$25  combined time payment fee*

Finally, the parties agree that, pursuant to the Court of Criminal Appeals' opinion in *Dulin v. State*, 620 S.W.3d 129, 134 (Tex. Crim. App. 2021), the assessment of $25.00, combined, as a time-payment fee in this case was premature.[3]   After reviewing the caselaw and the record in this case, we agree that the assessment of a time-payment fee in the Certified Bill of Cost is premature, and thus conclude there is no basis for this fee.

## CONCLUSION

Accordingly, the trial court's judgment is modified to assess court cost in the amount of $289.  As modified, we affirm the trial court's judgment,[4] and counsel's motion to withdraw from representation of Lee.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Smith, and
        Justice Wright[5]
Affirmed as modified
Opinion delivered and filed December 28, 2022
Do not publish
[CR25]



---

[3] The Certified Bill of Cost specifically includes $25 aggregated time-payment fees (listed in the explanation of fees as an Administrative Justice Fee—$2.50; Time Payment Fees—$10.00; Time Payment-State Fee—$12.50) in the balance of the costs owed.

[4] The bill of cost should be modified to reflect the cost due in the judgment as modified.

[5] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.